**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HECTOR VALERIO NINO,<br><br>Petitioner<br><br>v.<br><br>DHS, et al.,<br><br>Respondents | Case No.: 2:26-cv-02436-APG-DJA<br><br>**Order Granting First Amended Petition for Writ of Habeas Corpus and Denying Motions to Extend Time and to Dismiss**<br><br>[ECF Nos. 9, 13, 14] |

Petitioner Hector Valerio Nino filed an amended petition for writ of habeas corpus on September 3, 2026. ECF No. 9. Respondents did not timely respond, so on September 17, he filed a notice of non-opposition. ECF No. 11. That prompted the respondents to move to extend time, citing errors and short staffing for missing the deadline, which Nino opposes. ECF Nos. 13; 15. The respondents also moved to dismiss the petition, claiming it is duplicative of another petition Nino filed that is presently pending in front of Judge Dorsey. ECF No. 14. The respondents argue only that the "documents in both cases involve the same Petitioner, Hector Valerio Nino, and arise out of the same detention period resulting from the same immigration proceeding." *Id.* at 1. Nino responds that the respondents have not shown that the cases are duplicative and the respondents did not respond to his petition in this case, so he should be released. Nino also argues the respondents did not assert this was an improper successive petition or abuse of the writ.

Under Local Rule IA6-1(a), a "request [to extend a deadline] after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." Whether certain conduct qualifies as "excusable neglect" is an equitable determination, "taking account of all

relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). I consider the "danger of prejudice to the [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Negligence on the part of counsel may qualify as excusable neglect. *Id.* at 399.

I deny the motion to extend time because the respondents have not shown excusable neglect to support extending the deadline after it has already expired. The respondents attribute the missed deadline to "an inadvertent calendaring error related to active staffing shortages at the time the order was entered." ECF No. 13 at 2. But that is a problem of the respondents' own making. They control when and how many detainees are detained. Their failure to dedicate resources to address the inevitable flood of habeas petitions their own conduct has created does not count as excusable neglect. Additionally, Nino's counsel notes that the respondents also did not meet earlier deadlines in this case to produce documents. ECF Nos. 5 at 1-2; 15 at 3. Meanwhile, Nino has been in custody and thus deprived of his liberty. I therefore deny the motion to extend time. Because the respondents did not timely respond, Nino's petition is unopposed, so I grant it. LR 7-2(d).

Even if I considered the untimely motion to dismiss, I would deny it. I have "broad discretion to control [my] docket." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quotation omitted). I "may exercise [my] discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* To determine whether a suit is duplicative, I "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

The respondents do not make any effort to show the two proceedings are duplicative except by stating that the same petitioner is involved and that he challenges his immigration detention in both cases. I will not do the respondents' work for them. Accordingly, I grant the first amended petition and order Nino's release.

I THEREFORE ORDER that the respondents' motions to extend time and to dismiss **(ECF Nos. 13, 14) are DENIED**.

I FURTHER ORDER that petitioner Hector Valerio Nino's first amended petition for writ of habeas corpus **(ECF No. 9) is GRANTED**.

I FURTHER ORDER respondent John Mattos and the Federal Respondents to **make all reasonable efforts to release petitioner Hector Valerio Nino from the custody of the Nevada Southern Detention Center today (Friday, September 18, 2026) no later than 1:00 p.m., but no later than Monday, September 21, 2026 at 1:00 p.m.** The respondents must transport Nino to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Nino's counsel of the estimated time of release for coordination purposes at least one hour before he is released.

I FURTHER ORDER that the respondents return all of Nino's personal property to him upon his release.

I FURTHER ORDER that the respondents may not re-detain Nino during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate, pursuant to 8 C.F.R. § 236.1(d)(1).

I FURTHER ORDER that respondents are PERMANTENTLY ENJOINED from denying Nino the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

I FURTHER ORDER the clerk of court to close this case.

DATED this 18th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE